UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-22594-CIV-MORENO

VALISSIA RICHARD,

      Plaintiff,

vs.

CARNIVAL CORPORATION,

      Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Valissia Richard brought this negligence action against Carnival Corporation to recover for burn injuries she sustained aboard the Carnival Breeze cruise ship when a waiter spilled hot water on her during dinner. Carnival contends that it cannot be held liable under the undisputed facts, and therefore moves for summary judgment. Richard filed a cross-motion for summary judgment as to Carnival's motion for summary judgment. For the reasons discussed below, Carnival's motion for summary judgment is denied. Furthermore, Carnival's affirmative defenses are denied with leave to reargue if appropriate, and Richard's motion for summary judgment is therefore denied as moot.

### I. Statement of Facts

In October 2016, Valissia Richard travelled as a passenger aboard the Carnival Breeze—a cruise ship owned and operated by Carnival Corporation. At approximately 9:30 P.M. on the night of October 25, Richard sat down for dinner in the cruise ship's Blush dining hall. She sat at a table with other passengers, including Chester Williams and Sherrie Dawson. Dawson, who sat next to Richard, brought a maraca[1] to dinner. Carnival did not distribute maracas that evening;

---

[1] A maraca is a musical instrument that resembles a rattle and is played by shaking the handle. Dawson purchased her maraca in Cozumel, Mexico.

nor did it host a themed event that would involve the use of maracas. However, at around 9:00 or 9:15 P.M., waiters in the Blush dining hall participated in a singing and dancing event called "Show Time."

At some point during the dinner, Richard ordered hot tea from Head Waiter Wayan Setiawan. Setiawan filled a stainless steel Vollrath teapot with hot water from a WMF Programmat GV water dispensing machine, which heated water to 96 degrees Celcius (204.8 degrees Fahrenheit).[2] The silver Vollrath teapot used by Setiawan was designed with a non-locking, non-sealing hinged lid. He then returned to Richard's table.

Setiawan returned to Richard's table with the teapot in hand. At the same time, Dawson—"the woman sitting next to Plaintiff"—was shaking the maraca in her hand. As Setiawan approached the table to serve Richard, Dawson hit his hand—the teapot then fell off the saucer, spilling hot water onto Richard's chest, right shoulder, and right arm.

Richard suffered severe injuries from the accident, including second degree burns on her right chest, breast, and upper and lower right arm. She claims that these burns left her with "permanent scarring or disfigurement." She seeks to recover for those injuries, the cost of her past and future medical treatment, and her pain and suffering.

## II. Summary Judgment Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The non-movant must present more than a scintilla of evidence in support of the non-movant's

---

[2] Plaintiff alleges that Carnival served water at 203 degrees Fahrenheit on the night of October 25.

2

position. A jury must be able reasonably to find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

### III. Analysis

When addressing a maritime tort case such as this, the Court "rel[ies] on general principles of negligence law." *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980). "To state a negligence claim under maritime law, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F. Supp. 3d 1311, 1319 (S.D. Fla. 2015) (Williams, J.) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012)). With respect to the duty element, the Supreme Court has explained that "a shipowner owes the duty of exercising *reasonable* care towards those lawfully aboard the vessel who are not members of the crew." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 (1959) (emphasis added).

Richard contends "Carnival was negligent in the manner, method, and mode of serving Richard hot water for tea." (Resp. at 22.) She asserts that Setiawan owed a duty to exercise reasonable care and avoid actions that foreseeably could cause injury to passengers, and contends that Setiawan breached this duty when he "failed to properly secure the tea pot such that it would not pour hot water on passengers."[3] (Compl. ¶ 13.) According to Richard, the average person exercising reasonable care under the circumstances would have taken additional precautions to

---

[3] Both parties reference the Eleventh Circuit's recent unpublished opinion in *Pizzino v. NCL (Bahamas), Ltd.*, 2017 WL 4162194 (11th Cir. 2017). In that case, the Eleventh Circuit panel affirmed a district court ruling requiring the plaintiff in a premises liability case to show that the cruise ship operator had actual or constructive notice of the hazardous condition created by the cruise operator. *Id.* Assuming that principle even applies outside the premises liability context, it does not doom the instant case. As Richard notes, an incident similar to the one presently before the Court occurred on a Carnival vessel in 2014. On that occasion, a Carnival "waiter, while holding the saucer, was bumped into by another waiter, and the waiter holding the saucer dropped the teapot on [a passenger's] upper right leg causing her to be burned." (Resp. at 11.) The substantial similarity of the 2014 event satisfies the requirement for actual or constructive notice.

3

avoid the type of that caused her injuries. Specifically, she alleges that "[h]ad Setiawan held the teapot by the handle, and not by the saucer, it would have prevented the teapot from falling off the saucer and dumping the water on to Richard." (Resp. at 4.) Therefore, Richard concludes that Setiawan's breach directly and proximately caused her injuries.

Carnival rejects these assertions. In contending that it has no liability for Richard's burns, Carnival focuses on Dawson's conduct and her collision with Setiawan. It argues that Dawson operated as an unforeseeable intervening force, and that her actions—not those of Setiawan—proximately caused Richard's injuries. According to Carnival, "[i]t is purely speculation, and otherwise impossible, for Plaintiff to assert that a different model teapot, or holding the teapot with two hands instead of one, or holding the teapot by its handle, or even serving the hot water at lower temperatures would have not harmed or injured Plaintiff." (Mot. at 14.) Carnival maintains, therefore, that it did not breach a duty owed to Richard, or even if it did, that its breach proximately caused Richard's injuries.

The Court, however, cannot accept Carnival's conclusion because the parties have failed to resolve important factual discrepancies bearing on the claims at issue. Although the parties concur about many of the events preceding Richard's injuries, their dueling statements of facts illuminate several genuine and material factual disputes. Specifically, Richard and Carnival disagree about the temperature of the hot water when served, the wait staff's training, and the position of Dawson's hands and maracas as Setiawan approached the table. If believed, Richard's version of the disputed facts offer substantial support for her argument that Carnival and Carnival's employees should have taken further precautions to prevent the precise incident that occurred.

These are material issues of fact that the Court cannot resolve on a motion for summary judgment. Their resolution requires credibility determinations and an evaluation of competing evidence—tasks properly left for the jury. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003). Most importantly, viewing the evidence in the light most favorable to Richard, a fact finder could decide in her favor. *Mendoza v. Sec'y, Dep't of Homeland Sec.*, 851 F.3d 1348,

1352 (11th Cir. 2017), *cert. denied sub nom. Mendoza v. Duke*, No. 17-538, 2017 WL 4539730 (U.S. Dec. 11, 2017). For instance, a reasonable jury may find that Carnival should have used a different teapot or trained servers to adopt additional precautions when serving hot water. It could also conclude that under the circumstances, Setiawan should have held the teapot by the handle or with two hands. Given these genuine disputes of material fact, the Court cannot grant Carnival's motion for summary judgment.

## IV. Conclusion

THE COURT has considered the motions, the parties' briefs, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED as follows:

(1) Carnival's motion for summary judgment is DENIED.

(2) Carnival's affirmative defenses are DENIED with leave to reargue if appropriate.

(3) Richard's motion for summary judgment as to Carnival's affirmative defenses is DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th of February 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record